FILED 12/5/13
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 0 4 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
OTIS CLIFTON,

                                        Plaintiff,                        **MEMORANDUM AND ORDER**

            -against-
                                                                          13-CV-5315 (RRM) (CLP)

OFFICE OF TEMPORARY DISABILITY
ADMINISTRATION,

                                        Defendant.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

Plaintiff Otis Clifton, proceeding *pro se*, commenced this action on September 12, 2013.

By letter dated September 24, 2013, the Clerk of Court notified plaintiff that his filing was

deficient because he had neither paid the $350 filing fee nor requested leave to proceed *in forma*

*pauperis* (IFP), and because the complaint did not clearly state plaintiff's name and address.

(Doc. No. 2.) On October 24, 2013, plaintiff filed an amended complaint and an IFP application,

the latter of which the Court granted on November 25, 2013. For the following reasons, the

amended complaint is dismissed with leave to amend, as more fully directed below.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief," *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R.

Civ. P. 8(a)(2)), and each averment must be "concise[] and direct,'" *id.* (quoting Fed. R. Civ. P.

8(d)(1)). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). *Pro se* complaints must satisfy this plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), but a court reviews such allegations with "special solicitude." interpreting the allegations to raise the "strongest arguments that they suggest*. " Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*). Nonetheless, a court must dismiss a complaint if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading gives any indication that a valid claim might be stated, the court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's amended complaint is incoherent, stating, in its entirety: "Goldstein compliance rule! Denied Father 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, One Shot Deal 212-384-1000 Filed. $2000 SNAP & $2,500 One Shot Deal Denied." (Am. Compl. (Doc. No. 4).) Plaintiff alleges nothing against the defendant and does not state what relief he seeks. His amended complaint, therefore, does not provide facts sufficient for the Court to determine the nature of the claims and whether the Court has jurisdiction.

Accordingly, the amended complaint is dismissed, without prejudice, for failure to state a claim. If plaintiff wishes to file a second amended complaint, be must do so within 30 days of this Order's entry. The document must be captioned "SECOND AMENDED COMPLAINT" and include the docket number 13-CV-5315 (RRM). If plaintiff fails to so amend within the time allowed, the Court will dismiss this action without prejudice.

## CONCLUSION

The amended complaint is dismissed, with leave to amend within 30 days of this Order's entry. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

2

would not be taken in good faith; therefore, IFP status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

SO ORDERED.

/S/ Judge Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
      December 4, 2013